**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

**DANIELLE BELL**

Plaintiff,

Case No:1:09-cv-00970
Hon. Robert Holmes Bell

vs.

**LANSING POLICE OFFICER DONALD PORTER**
**in his individual capacity**

Defendant.
_______________________________________________/

KENNETH D. FINEGOOD P36170
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy, Suite 120
Southfield, MI 48034
248-351-0608

ATTORNEY FOR DEFENDANTS
DAVID K. OTIS (P31627)
PLUNKETT COONEY
325 E Grand River, Ave., Ste. 250
East Lansing, MI 48823
517-324 5612
_______________________________________________/

**FINAL PRETRIAL ORDER**

A final pretrial conference was held on the 20th day of September 2010. Appearing for the parties as counsel were:

KENNETH D. FINEGOOD

DAVID OTIS

1. **Exhibits:** The following exhibits will be offered by the plaintiff and defendants:

PLAINTIFF:

1. Lansing Fire Department Records
2. Sparrow Health System Records
3. Springer Prosthetics Records

DEFENDANT:
a. Springer Prosthetics Records – entries of 11/16/2007 and 11/28/2007 only.

**2. <u>Uncontroverted Facts:</u>**

<u>PLAINTIFF:</u>
It is uncontroverted that Officer Donald Porter pushed Danielle Bell on her chest while Ms. Bell was exiting off of the CATA bus, causing her to fall onto the cement pavement.

DEFENDANT:

a. Officer Porter was called to the scene to address a complaint by the bus driver to have certain disruptive individuals removed from the bus.

b. Plaintiff turned around at the back door of the bus.

3. **<u>Controverted Facts and Unresolved Issues:</u>** The factual issues remaining to be determined and issues of law for the Court's determination are:

PLAINTIFF:

The facts surrounding the events leading up to the use of force directed against Danielle Bell remain controverted, specifically as they relate to Officer Porter's knowledge of Ms. Bell's handicap/disability.

Additionally, factual issues regarding Officer Porter's intent and/or recklessness at the time he directed the use of force remain controverted as these facts relate specifically to state law claims of assault/battery and gross negligence. Officer Porter's actions regarding the accommodation of disabled persons are likewise controverted facts.

The nature and extent of plaintiff's damages, including entitlement to punitive damages are controverted facts.

Issues of law may include admissibility of any prior criminal record or other incidents involving CATA bus service.

DEFENDANT :

Issues of fact

a. Whether Plaintiff's sudden and unexpected turning around at the back door of the bus placed her in Officer Porter's reactive space during the course of resolving a volatile situation.

b. Whether Officer Porter's push of Plaintiff to gain reactive space between him and Plaintiff was reasonably necessary under the circumstances.

c. Whether Officer Porter knew Plaintiff was handicapped prior to pushing her to gain reactive space.

d. Whether Officer Porter failed to treat Plaintiff, not including the push, with respect and dignity and failed to avoid foreseeable injury while investigating the complaint.

e. Whether Officer Porter acted in good faith i.e., without malice.

f. Whether Officer Porter pushed Plaintiff because of her disability.

Issues of law

a. Whether Officer Porter's actions were objectively reasonable under the circumstances and did not constitute the use of excessive force.

b. Whether Officer Porter's manner in treating Plaintiff during the investigation, not including the push, was conduct so reckless as to demonstrate a substantial lack of concern for whether injury results constituting gross negligence.

c. Whether Officer Porter's action in pushing Plaintiff to create a reactive space was lawful and does not amount to a battery.

d. Whether Plaintiff was denied police services because of her disability.

**4. <u>Witnesses:</u>**

PLAINTIFF:
Non Expert

1. Danielle Bell 321 N. Butler Apt. 10 Lansing MI, 48915; 517 993 1157 (will call in person)
2. Laura Bell 321 N. Butler Apt. 10 Lansing MI, 48915; 517 202 8792 (will call in person)
3. Timothy Byker, PAC- Sparrow Hospital 1215 E. Michigan Ave, Lansing MI. (May call in person)

4. Alice Beard PAC-Sparrow Hospital 1215 E. Michigan Ave, Lansing MI. (May call in person)
5. Dr. Martin Romero Sparrow Hospital 1215 E. Michigan Ave, Lansing MI (May call in person)

Expert:

6. Joe Springer 200 North Homer Street Lansing, MI 48912-4741; 517-337-0300(May call in person) Mr. Springer is an expert in prosthetics and performed repair of plaintiff's prosthetic legs following this occurrence.
7. Dr. Aaron Westrick Ph.D. - police procedures expert, 03006 B.C.-E.J. Road, Boyne City, MI 49712; 231-675-5250 (May call in person) Dr. Westrick is a professor of police procedures at Lake Superior State College. Dr. Westrick may be called upon regarding the use of force in this case.

DEFENDANT PORTER:

Defendant objects to Plaintiff's expert Aaron Westrick, Ph.D. as Plaintiff has failed to comply with the required disclosure under Fed.R.Civ.P. 26(a)(2)(B) and the Court's case management order. Further, Defendant objects because the claims against the City relating to practices and procedures have been dismissed.

Non-expert witnesses that will be called by Defendant Porter are:

a. Officer Donald Porter

b. Sgt. Joseph Dionese

c. CATA Driver Lea Brown

Non-expert witnesses that may be called by Defendant Porter are:

a. EMT Michael Demps

b. EMT Jason Stevens

c. Dr. Martin Romero

d. Alice Beard –PAC –Sparrow Hospital

e. Timothy Byker –PAC – Sparrow Hospital

Expert witnesses

The above medical care providers may be asked to provide expert opinions on the extent of Plaintiff's claimed injuries.

5. **Depositions and Other Discovery Documents:**

All depositions, answers to written interrogatories and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants are:

PLAINTIFF

Deposition of defendant Donald Porter for impeachment purposes.

DEFENDANT PORTER

Deposition of Plaintiff Danielle Bell for impeachment purposes.

8. **Length of Trial:** Counsel estimate the trial will last approximately 3 full days, allocated as follows: 1-2 days for plaintiff's case; 1 day for defendants' case;

9. **Prospects of Settlement:** The status of settlement negotiations is:

   The parties are discussing possible settlement.

**SO ORDERED.**

S/ Kenneth D. Finegood
KENNETH D. FINEGOOD (P36170)
Attorney for Plaintiff

S/ David Otis
DAVID K. OTIS (P31627)
Attorney for Defendant

DATED: September 20, 2010

/s/ Robert Holmes Bell
Robert Holmes Bell
U.S. District Court Judge